MYERS *v.* THE TRAVELERS INS. CO., A CORPORATION.

(No. 197923—Decided June 9, 1966.)

Common Pleas Court of Lucas County.

*Messrs. Kaplan, Kaplan & Lehman* and *Mr. Robert Z. Kaplan,* for plaintiff.
*Messrs. Eastman, Stichter, Smith & Bergman, Mr. Frank Kane* and *Mr. William E. Connelly,* for defendant.

WALINSKI, J. This cause came on to be heard on defendant's motion for summary judgment and the arguments of counsel had on May 27, 1966. The court finds that plaintiff's petition attempts to state a cause of action to participate in a group insurance policy by reason of total disability incurred while an employee of the Sealtest Foods, a subsidiary of National Dairy Products Corporation, between whose employees through the company and the defendant there existed a group insurance policy providing in part, to wit:

"he has become wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit. * * *"

This section of the policy has to be read in conjunc-

tion with Section 3923.011, Revised Code, paragraph "A," which reads as follows:

"Total disability means inability to perform the duties of any *gainful occupation* for which the insured is reasonably fitted by trainng, experience and accomplishment."

The matter was submitted to the court on a deposition of the plaintiff taken on December 2, 1965, wherein the plaintiff admits that he is now employed as a salesman for the Toledo Merchandising Company, wherein he is earning an average of $65.00 per week. The court finds, therefore, that the terms "any occupation or employment" as used in the insurance policy, and "any gainful occupation," are not subject to any other interpretation by reasonable minds than to mean precisely what they state. Plaintiff now being gainfully employed in an occupation for which he is reasonably fitted by training, experience and accomplishment, being an admitted fact contrary to the allegations of the petition, defendant's motion for summary judgment is well taken and hereby granted.